# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

SIM CHESTNUT, #320818,           )
                                 )     CIVIL ACTION NO. 9:09-3322-RMG-BM
                  Petitioner,    )
                                 )
v.                               )
                                 )     **REPORT AND RECOMMENDATION**
GREGORY KNOWLIN,                 )
                                 )
                  Respondent.    )
_____  )

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on December 28, 2009.[1]

The Respondent filed a return and motion for summary judgment on April 26, 2010, asserting that Petitioner had failed to exhaust his State Court remedies prior to filing this petition. As the Petitioner is proceeding pro se, a Roseboro order was filed on April 28, 2010, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On May 13, 2010, the Petitioner filed a memorandum in opposition as well as his own motion for summary judgment. These motions are now before the Court for disposition.[2]

---

[1] Since the envelope does not indicate the date that it was received by the prison mail room and the petition is not dated, the undersigned has used the court's filing date. Cf. Houston v. Lack, 487 U.S. 266 (1988). Petitioner filed an "amendment" to his Petition on March 17, 2010.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local



**Discussion**

Respondent has moved for summary judgment pursuant to Rule 56 (b), Fed.R.Civ.P., submitting that the Petitioner failed to exhaust his state remedies before filing this federal petition. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

A review of the materials and filings submitted to the Court shows that Respondent is correct in asserting that Petitioner has not exhausted his state court remedies. Petitioner contends that since he has received a state appellate ruling on his direct appeal, he has exhausted his state court remedies. However, Petitioner also currently has an application for post conviction relief (APCR) pending in state court. Chestnut v. State, C.A. No. 2009-CP-26-10314. On March 4, 2010, the state PCR judge filed an order of dismissal in Petitioner's PCR case; See Court Docket No. 20-14 (2009-CP-26-10314); and Petitioner's counsel filed a notice of appeal dated March 22, 2010. See Court

---

Rule 73.02(B)(2)(c)and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



Docket No. 20-15, pp. 1-2. Respondent represents to the Court that there has been no ruling on this appeal, which Petitioner does not dispute.[3]

Title 28 U.S.C. § 2254(b) states, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." No evidence has been presented to show an absence of available state process, or that such process is ineffective in protecting Petitioner's rights. Therefore, Petitioner's federal remedy of a writ of habeas corpus under 28 U.S.C. § 2241 or § 2254 can only be sought after *all* of his remedies in the courts of the State of South Carolina have been exhausted. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975). Petitioner has failed to exhaust those remedies, as it is clear that Petitioner has a state APCR, which is still pending and being actively pursued.

Petitioner appears to be seeking to piecemeal consideration of his issues. However, if this Court was to consider any direct appeal issues he may have exhausted in his direct appeal at this time, he would risk forfeiting consideration of the issues in his PCR appeal. Furthermore, by maintaining this Petition, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of his current state proceedings that he may want to bring in the future, because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b); see also, Pub.L. No. 104-132, 110 Stat. 1214, § 104 (amending 28

---

[3]The Court has also inquired as to the status of Petitioner's appeal, and has received oral confirmation from the State Court that, as of the date of this Report and Recommendation, Petitioner's PCR appeal is still pending.



U.S.C. § 2254), Rule 9(b); Rose v. Lundy, 455 U.S. 519, 520-521 (1982). Therefore, this Petition should be dismissed, without prejudice.

## Conclusion

Based on the foregoing, it is recommended that this Petition be **dismissed**, without prejudice, for failure to exhaust state court remedies.[4] Braden, 410 U.S. at 490-491; Moore, 515 F.2d at 441-442; Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court]; 28 U.S.C. § 2254(b) and (c).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

December 3, 2010

---

[4] Petitioner is cautioned to be aware of the filing deadlines in 28 U.S.C. §2244.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5

