IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Sim Chestnut, | ) | Civil Action No. 2:09-cv-3322-RMG |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| Gregory Knowlin, | ) | |
| Respondent. | ) | |

Petitioner filed this petition pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended dismissing the petition without prejudice for failure to exhaust his state court remedies. (Dkt. No. 31). Petitioner has not objected to the R&R. As shown herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's report. Therefore, this Court adopts the Magistrate Judge's report as the Order of this Court and it is incorporated by reference herein.

## Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

1

Petitioner's federal remedy of a writ of habeas corpus under 28 U.S.C. § 2241 or § 2254 can only be sought after all of his remedies in the courts of the State of South Carolina have been exhausted. *Picard v. Connor*, 404 U.S. 270 (1971). He has not yet done so.

### Conclusion

Accordingly, Sim Chestnut's petition is **dismissed** without prejudice for failure to exhaust state court remedies.

### Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

2

December 26, 2010
Charleston, South Carolina